UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

BENNETT ENTERPRISES, INC.,

Debtor.

Case No. 20-23761 (JNP)

Chapter 11

## MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO REJECT CONTRACT AS EXECUTORY

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Bennet Enterprises, Inc. ("Debtor"), filed a motion (the "Motion") pursuant to section 365 of Title 11 of the United States Code (the "Bankruptcy Code") to reject a contract for the transfer of its liquor license (the "Liquor License") to 42nd Place Liquor, LLC ("42nd Liquor"). Dkt. No. 24. 42nd Liquor filed an opposition, arguing that the contract is no longer executory. Dkt. No. 32. Because the Court finds that there is no executory contract in place to assume or reject, the Motion will be denied.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Background

Prior to this bankruptcy case, Debtor operated a motel and bar at 118 40th Street, Sea Isle City, New Jersey. Dkt. No. 33. Debtor owned the Liquor License but leased the premises from a third-party. In 2018, 42nd Place, LLC ("42nd Place"), an entity related to 42nd Liquor, purchased the premises. That purchase was contingent on Debtor entering into a new lease with 42nd Place and 42nd Liquor's purchase of the Liquor License from Debtor. Dkt. No. 7. As required, 42nd Place and Debtor entered into a lease and 42nd Liquor and Debtor entered into a contract (the

"Sale Contract") for the sale of the Liquor License. Id. The Sale Contract originally stated a price of $1 Million for the Liquor License. Dkt. No. 7. In 2019 the parties amended the agreements which extended the lease to September 2020, reduced the purchase price of the Liquor License to $825,000, and moved the closing to September 21, 2020. Debtor vacated the property at the end of the lease. Id.

Under New Jersey law, the transfer of a liquor license requires municipal approval, so the Sale Contract required that Debtor file a consent to transfer with Sea Isle City, which it did on September 11, 2020. Dkt. No. 32. The Sea Isle City Council ("City Council") placed consideration of the transfer on its October 13, 2020, agenda, but Debtor revoked the consent to transfer prior to the meeting. Id.

42nd Liquor and 42nd Place then filed a complaint and an order to show cause in the Superior Court of New Jersey, Cape May County Chancery Division (the "State Court"), and following two hearings at which both parties argued, the State Court entered an order (the "State Court Order") requiring specific performance by Debtor and 42nd Liquor as follows: (1) "[Debtor] is enjoined from transferring [the Liquor License] to anyone aside from [42nd Liquor];" (2) "[Debtor] is required to close on transfer of the [Liquor License] to [42nd Place] immediately in accordance with the conditions set forth in the [Sale Contract];" (3) "[Debtor] is required to cooperate with [42nd Liquor]'s efforts to obtain government approvals for transfer of the Liquor License;" (4) "[Debtor] shall provide a properly executed 'Consent to Transfer' the Liquor License to the Municipal Clerk for the City of Sea Isle;" and (5) "[t]he $825,000 purchase price for the sale of the Liquor License shall be released at closing on the transfer of the Liquor License." Dkt. No. 33, Ex. F. Debtor filed its consent to transfer ("Consent to Transfer") the Liquor License in compliance with the State Court Order on November 23, 2020, and City Council placed approval

2

of the transfer on the December 22 agenda. Debtor also filed a request for permission to file an emergent application with the Appellate Division, which the Appellate Division denied. Id.

On December 19, 2020 (the "Petition Date"), three days before the City Council meeting, Debtor filed a voluntary petition for relief.[1] As such, on the Petition Date, the State Court Order for specific performance was in effect, the full purchase price was in escrow, the Consent to Transfer was on file with City Council, and City Council was scheduled to consider transfer of the Liquor License on December 22.

Two days after the Petition Date, Debtor withdrew the Consent to Transfer. Debtor then filed the Motion. Dkt. No. 24. The Motion states Debtor and 42nd Liquor are parties to the Sale Contract, that the Sale Contract is executory, and Debtor seeks to reject the Sale Contract under section 365 of the Bankruptcy Code. Id.

42nd Liquor's opposition argues that the Sale Contract is not executory because neither party has unperformed material obligations as 42nd Liquor has placed all purchase funds in escrow, and Debtor's Consent to Transfer was in place on the Petition Date. Dkt. No. 32. Further, 42nd Liquor argues that, even if the Sale Contract is executory, the Court should deny rejection because Debtor is unable to meet its burden under the business judgment rule as there is no benefit to the estate in rejecting the Sale Contract because the resulting claim of 42nd Liquor would exceed any increase in value Debtor might obtain in marketing and selling the Liquor License to a third-party. Id. 42nd Liquor also argues that the Court should deny the Motion based upon the equities, because 42nd Liquor will be disproportionately impacted by rejection of the Sale Contract. Finally, 42nd Liquor argues that the State Court Order for specific performance prohibits Debtor from rejecting the Sale Contract. Id.

---

[1] Since the Petition Date, Debtor has been a debtor-in-possession and has the rights and powers of a trustee. See 11 U.S.C. § 1107(a).

3

Debtor's reply argues that the Sale Contract is executory, that it is contingent upon City Council approval, which is required before any transfer may take place, and Debtor is obligated to cooperate with those proceedings. Further, Debtor's reply argues that the Sale Contract violates New Jersey law prohibiting liens and certain transfers of liquor licenses. Dkt. No 39. Following these filings, both parties submitted certifications of experts regarding the status and procedure of City Council's consideration of the transfer of the Liquor License. See Dkt. Nos. 48-50.

A hearing was held on February 26, 2021 (the "Hearing"), at which both parties appeared and argued.[2] At the Hearing, both parties argued that this Motion could be decided on the law and undisputed facts, and that an evidentiary hearing is not necessary. Debtor repeated an argument from its reply - that the Sale Contract was contingent upon City Council approval, and the parties had material obligations that could not be fulfilled until such approval. The Court asked Debtor's counsel what material obligations remained unperformed as of the Petition Date. HRG. at 7:40. Debtor's counsel stated that that the Sale Contract is conditioned upon approval of City Council, that the parties' obligation to close hinges on that approval. Id. at 8:00. Counsel also argued that closing depends on 42nd Liquor authorizing the escrow agent's release of the funds, but counsel did acknowledge that, as far as he was aware, the full purchase price was in escrow on the Petition Date and that 42nd Liquor is required to participate in the closing. Id. at 9:30. In response to a further question about what obligations remained for Debtor to perform, counsel stated that "Debtor can participate in the closing. Debtor had an opportunity to file a consent to transfer. Debtor withdrew that consent." Id. at 11:00. However, Debtor's counsel acknowledged that, as of

---

[2] The Hearing was originally scheduled as an evidentiary hearing to consider the Motion, and a joint motion of 42nd Liquor and 42nd Place to dismiss the Chapter 11 case as a bad faith filing. For reasons not material to this decision, Debtor's counsel requested that both motions be adjourned. The Court partially approved this request, bifurcating the matters, and limiting the Hearing to argument related only to the Motion. The Court also stated that if evidence was required related to the Motion, that hearing would be heard together the motion to dismiss, scheduled for March 29, 2021.

4

the Petition Date, the Consent to Transfer was on file with City Council. Id. Debtor did not identify any other remaining material obligations for either party. Finally, in response to questioning from the Court regarding the effect of the State Court Order on Sale Contract, it appeared Debtor was suggesting the Court should ignore that order; stating that the order was interlocutory and was "not what I could consider a judgment that determined all claims of all parties and the case . . . continued to pend." HRG. at 12: 30. Counsel for 42nd Liquor argued that transfer of the Liquor License occurs at the time City Council approves the transfer, and that no further acts were required on the part of either party to complete the transfer of title. Debtor's counsel stated he did not know if that was correct but argued that the Sale Contract imposed an obligation to attend the closing.

## Discussion

Section 365(a) of the Bankruptcy Code provides that, subject to certain limitations that do not apply to this case "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365 (emphasis added). Thus, Court's initial inquiry is whether Debtor and 42nd Liquor are parties to an agreement that is executory under section 365 of the Bankruptcy Code. The Third Circuit has defined an executory contract as "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." In re Columbia Gas Sys. Inc., 50 F.3d 233, 239 (3d Cir. 1995) (citing Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir.1989)). The appropriate time to test whether a contract is executory is the petition date. Id. at 240. Under this definition, a court must first determine that there was a contract between the parties, and if so, whether that contract was so far unperformed, as of the petition date, that the failure to perform the remaining obligations would be a material breach of said contract. Finally, as the movant, Debtor has the burden of proving that the Sale Contract is executory. See In re

Philadelphia Newspapers, LLC, 424 B.R. 178, 181 (Bankr. E.D. Pa. 2010) (citing In re Exide Techs., 340 B.R. 222, 229 (Bankr. D. Del. 2006)).

I. The State Court Order

"Courts agree that the phrase 'executory contract' cannot be applied to a judicial order." Roxse Homes, Inc. v. Roxse Homes Ltd. P'ship, 83 B.R. 185, 187 (D. Mass.), aff'd sub nom. In re Roxse Homes, Inc., 860 F.2d 1072 (1st Cir. 1988) (citing In re Jolly, 574 F.2d 349, 351 (6th Cir.), cert. denied 439 U.S. 929 (1978)). In this case, the State Court Order for specific performance was entered pre-petition. As such, the Court must determine what impact the State Court Order had on the Sale Contract.

The court in In re Pribonic faced a similar issue. 70 B.R. 596 (Bankr. W.D. Pa. 1987). In Pribonic, the debtor argued it could reject a contract for the sale of land and the purchaser argued that rejection was not available due to a pre-petition state court decree for specific performance. Id. The Pribonic court first noted that the sale agreement had been "buttressed by a final decree for specific performance." Id. at 599. As a result, the only issue (regardless of whether the contract was otherwise executory), was whether the contract was executory given that decree. Id. The court found that a decree of specific performance carried with it certain legal consequences, including that once the decree was entered, state law "authorized the Prothonotary or Sheriff to perform the debtor's only remaining obligation: delivery of title." Id. at 601. As a result, once the state court entered its decree, the debtor no longer had any duties to perform under the contract because state law authorized the court to order other parties to perform those duties on the debtor's behalf. Id. Therefore, because the debtor no longer had any material obligations under the contract, the contract was no longer executory under the Countryman definition. Id. (citing In re Kendall Grove Joint Venture, 46 B.R. 531 (Bankr. S.D. Fla. 1986), aff'd., 59 B.R. 407 (S.D. Fla. 1986)). The Pribonic court held the debtor was not able to reject the contract under section 365 of the

Bankruptcy Code because following the decree for specific performance, the contract was no longer executory. Id.

A similar rationale was applied in In re Smith, in which the bankruptcy court faced a dispute over whether a contact for the sale of land was executory after a pre-petition decree for specific performance in the state court. 269 B.R. 629 (Bankr. E.D. Tex. 2001). The court found that "[a]fter the Polk County District Court entered its specific performance decree, the rights and obligations of both parties to the earnest money contract became defined and governed by the specific performance decree." Id. at 632 (citing Hubler v. Oshman, 700 S.W.2d 694, 698 (Tex. App.-Corpus Christi 1985, writ ref'd n.r.e.) (finding that "a decree of specific performance serves to incorporate the parties' agreement into the judgment" and that "Tex. R. Civ. P. 308 gives the court the authority to cause its judgment to be carried out, should any problems in these areas arise")). Id. Accordingly, the court found that "any attempt by the Debtors to characterize this sales contract as an executory contract has been precluded by the entry of the specific performance decree." Id. at 632.

The vast majority of caselaw agrees with this analysis, finding that once a state court orders specific performance, the debtor cannot reject that order as an executory contract under section 365. See, e.g., Winter v. Glaze (In re Glaze), 169 B.R. 956, 960 (Bankr. D. Ariz. 1994) ("This Court's review of the cases on the issue of what constitutes an executory contract reflects that the entry of a judgment is a critical point; thus, the contract for the sale of debtor's home is not an executory contract because of the pre-petition entry of judgment for specific performance."); Roxse Homes, 83 B.R. at 187 ("(o)nce a judgment for specific performance is entered, the parties' remaining unperformed obligations become non-material, or 'ministerial' acts through which the parties merely carry out the court's directive . . . ." and further, "[c]ourts agree that the phrase 'executory contract' cannot be applied to a judicial order."); In re High Country Resorts, 94 B.R.

7

Case 20-23761-JNP    Doc 51    Filed 03/16/21    Entered 03/16/21 12:19:51    Desc Main
Document    Page 8 of 18

193, 194 (Bankr. D.N.M. 1988) ("After a judgment has been rendered on a contract it is no longer executory."); Bregman v. Meehan (In re Meehan), 59 B.R. 380, 386 (E.D.N.Y.1986) ("state court's award (of specific performance) might be deemed to 'execute' the contract . . . thereby removing it from the realm of executory contracts under the Bankruptcy Code"); Brown v. Bassett (In re Bassett), 74 B.R. 361, 362 (Bankr. D. Colo. 1987) (real estate sale contract which is buttressed by a pre-petition order for specific performance is not executory under section 365).

The rationale of these decisions focuses on the fact that, under the relevant state law, the state court had the ability to enforce its own orders, in essence removing any remaining duties of the parties under the contract because, if the parties failed to perform, the court could nevertheless enforce its orders. See Smith, 269 B.R. at 632; Pribonic, 70 B.R. at 601. New Jersey law similarly grants the State Court the jurisdiction and authority to enforce its own orders. Biddle v. Biddle, 150 N.J. Super. 185, 192 (Ch. Div. 1977) (quoting Welser v. Welser, 54 N.J. Super. 555, 564 (App. Div. 1959)). This authority is spelled out in New Jersey Court Rule 4:59-2, which states:

> (a) If a judgment or order directs a party to perform a specific act and the party fails to comply within the time specified, <u>the court may direct the act to be done</u> at the cost of such defaulting party <u>by some other person appointed by the court, and the act when so done shall have like effect as if done by the defaulting party</u>.

N.J. Ct. R. 4:59-2 (emphasis added). This rule is applicable to the Chancery Division and is "broad enough to comprehend the use of any reasonably appropriate and effective procedures designed to enforce Chancery Division judgments or orders." Lathrop v. Lathrop, 57 N.J. Super. 532, 539 (App. Div. 1959).

In this case, Debtor argues that the Sale Contract is executory because both parties have material obligations that remain unperformed. Specifically, Debtor points to the fact that, although 42nd Liquor has placed the purchase funds into escrow, this was not full performance because 42nd Liquor is still required to release those funds at closing. HRG. at 9:30. However, even if authorizing the release of those funds might be considered a material obligation under certain

8

executory contracts, the State Court Order requires the funds be released at closing. So that, similar to Pribonic, 42nd Liquor would not be required to take any act, as the State Court Order would be sufficient authorization for their release. See Biddle v. Biddle, 150 N.J. Super. 185, 192 (Ch. Div. 1977); Pribonic, 70 B.R. at 601; Smith, 269 B.R. at 632 (any remaining obligations were, of necessity, transformed by the entry of the specific performance decree into merely ministerial acts, the performance of which can be compelled by the state court under its inherent authority to enforce its own decrees). In the same vein, Debtor's only outstanding obligation identified at the Hearing was to attend closing. HRG. at 9:30. Debtor did not identify any specific tasks it would be required to perform at closing, but even assuming that such tasks exist and would be considered material, the State Court's authority is includes the use of any reasonably appropriate and effective procedures designed to enforce its orders. Lathrop, 57 N.J. Super. at 539. Applying the rationale of Pribonic and Smith to this case, neither party had any remaining material obligations to the other under the Sale Contract. To the extent the either party failed to fulfill its obligations under the State Court Order, New Jersey law grants the State Court the authority to complete, or appoint a third party to complete, those obligations. Those actions would be treated as if the defaulting party had completed them, thus rendering any potential remaining obligations of the parties ministerial. See N.J. Ct. R. 4:59-2. On this basis, the Court finds that the Sale Contract was not executory.

Debtor argues that the Court should disregard the State Court Order because it is not a "judgment" that determined all claims of the parties, and that there are claims yet to be determined in that case which are still pending. HRG. at 12:30.

The Court disagrees with Debtor's characterization of the State Court Order for several reasons. To begin, "[g]enerally, application of the Bankruptcy Code does not change the attributes of a given legal relationship." Columbia Gas, 50 F.3d at 38 (citing Butner v. United States, 440 U.S. 48 (1979)). Therefore, when, under relevant non-bankruptcy law, parties are subject to a

9

judicial order, rather than a contract, it will be a judicial order and not a contract in bankruptcy. See id. Further, under New Jersey law, orders for specific performance are distinct from orders related to money damages because "an order for specific performance, is immediately enforceable" even though not immediately appealable as of right. Padula Builders, Inc. v. Kostiha, 2007 N.J. Super. Unpub. LEXIS 2328, at *11 (App. Div. July 3, 2007), cert. denied, 192 N.J. 595 (2007).

By contrast, New Jersey Court Rule 4:42-2 authorizes a trial court to direct the entry of final judgment upon fewer than all the claims as to all parties, if the trial court certifies that there is no just reason for delay of enforcement of a judgment, and if the trial court has made a complete adjudication of the claim. N.J. Ct. R. 4:42-2. The purpose of Rule 4:42-2 is "to permit execution on a partial summary judgment fully adjudicating a separable claim for affirmative relief or all claims by and against a single party in multi-party litigation." Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 550-51 (App. Div. 2007) (quoting D'Oliviera v. Micol, 321 N.J.Super. 637, 641 (App. Div.1999)). Thus, an order must be eligible for immediate enforcement as a final order under Rule 4:59 to qualify under Rule 4:42. Id. An ancillary effect of this certification is that the order becomes immediately eligible for appeal as of right. Id. However, the Padula court explained, Rule 4:42 does not apply to orders for specific performance because, "[a]n injunctive order, including an order for specific performance, is immediately enforceable without such a certification" from the trial court. 2007 N.J. Super. Unpub. LEXIS 2328, at *11. However, its enforceability does not make such an order appealable as of right. Id. As such, an order for specific performance has the effect of a final order, in that it is immediately enforceable under Rule 4:59, even though other claims may still be pending before the court.

In this case the State Court Order required Debtor to close on the transfer of the Liquor License to 42nd Liquor immediately. Dkt. No. 33. At a hearing on November 18, 2020, the State Court noted that, while there are other issues remaining between the parties:

10

> based on the order the liquor license issue now is resolved with the Court's decision that there be no escrow, that you go to settlement immediately. . . . Then it's a question of clearly, as I indicated, there are factual disputes as to all the, all the remaining monetary claims, in which case I could simply just transfer the matter to, to the law division.

Transcript of Hearing Nov. 18, 2020 at 58 (attached to Dkt. No. 33 as Exhibit G) (emphasis added). Finally, at a hearing on November 30, 2020, where the parties argued over the form of order and Debtor's request for a stay pending appeal, the State Court stated that "the relief that was granted was specific performance of the contractual agreements." Transcript of Hearing Nov. 30, 2020 at 21 (attached to Dkt. No. 33 as Exhibit G). The State Court also denied a stay pending appeal and stated that the parties' remaining claims would likely be transferred to the law division. Id. at 25.

The State Court fully adjudicated the issue of the transfer of the Liquor License on the merits and ordered specific performance even though other claims for monetary relief remained outstanding. The State Court Order was immediately enforceable. See Padula, 2007 N.J. Super. Unpub. LEXIS 2328, at *11. The State Court had the authority to enforce the order as necessary. See N.J. Ct. R. 4:59-2. Therefore, the State Court Order rendered the Sale Contract non-executory and would have been the document governing the parties' relationship if Bankruptcy had not been filed.

Debtor cites to In re Orama Hosp. Grp., Ltd., 601 B.R. 340 (Bankr. D.N.J. 2019), in arguing that: (a) the Sale Contract should govern the outcome of this dispute, and (b) the Sale Contract is unenforceable under state law. Orama concerned an option contract to repurchase a liquor license which option had not been exercised as of the petition date. The court found that the option to repurchase the license, combined with the creditor's right to credit bid, functioned as a form of lien on the license, which violated New Jersey law and therefore rendered the contract unenforceable. Id. at 351. Debtor argues that the reduction in purchase price, and 42nd Liquor's attempt to keep some of the purchase funds in escrow after the transfer similarly violated New

11

Jersey law. See Dkt. No. 39. However, Orama is distinguishable on its facts and not persuasive. First, in Orama, there was no pre-petition order for specific performance. As such, a State Court had not already previously reviewed the contract and found it enforceable, and moreover, there was no judicial order governing the parties' relationship. Second, unlike Orama, the reduction in purchase price here was a contemporaneous exchange, not a method of securing repayment of a debt. Finally, the State Court denied 42nd Liquor's request that some of the purchase funds remain in escrow and the State Court Order requires the full amount of purchase funds be released at closing. See Dkt. No. 33. As such, the Sale Contract is not a security agreement, but instead, a straightforward contract for sale, in which the purchase funds have been placed in escrow and are to be released at the closing. Thus, Orama is not applicable to this case.

The Court agrees with the caselaw cited above, that "the entry of a judgment is a critical point." Glaze, 169 B.R. at 960. Once the State Court Order for specific performance was entered, the Sale Contract ceased to be an executory contract that Debtor could reject under section 365 of the Bankruptcy Code. The State Court Order was immediately enforceable and made the Sale Contract non-executory, effectively rendering any remaining obligations of the parties "ministerial" because the State Court had the power to enforce its own order, relieving the parties of any obligation to perform the duties. Therefore, the Motion is denied.

II.    The Sale Contract is Not Executory

Even if the Court disregarded the State Court Order, the Sale Contract is not executory under the Countryman definition because, as of the Petition Date, the obligations of the parties were not so far unperformed that failure to perform would constitute a material breach.

Whether failure to complete performance constitutes a material breach excusing performance by the other party is a matter of state contract law. Griffel v. Murphy (In re Wegner), 839 F.2d 533, 536 (9th Cir. 1988). Under New Jersey law, certain limited activities at closing

"such as applying purchase moneys to satisfy and cancel an existing mortgage, securing clear title for the purchaser, and obtaining from the carrier a title-insurance policy . . . ." are treated as ministerial. RTC Mortg. Tr. 1994 N-1 v. Fid. Nat'l Title Ins. Co., 58 F. Supp. 2d 503, 525 (D.N.J. 1999) (quoting In re Opinion 682 of the Advisory Comm. on Prof'l Ethics, 147 N.J. 360, 371 (1997)). Acts that are merely ministerial, or formalities, are not sufficient to render a contract executory. See Columbia Gas, 50 F.3d at 243.

Several courts have found that where a party to a sales contract has deposited the full purchase price into escrow and removed all contingencies in the purchase contract under its control, the party has fully performed, and the contract is not executory. See In re Hertz, 536 B.R. 434, 441 (Bankr. C.D. Cal. 2015); In re Matt, 2013 WL 2250300, at *1 (Bankr. D. Mont. May 22, 2013). Further, although not directly on point, several cases considering contracts for the sale of land have found that the contract is no longer executory when the deed has been placed in escrow. See In re Rehbein, 60 B.R. 436, 440-41 (9th Cir. BAP 1986); In re Cox, 28 B.R. 588, 590 (Bankr. D. Idaho 1983). The Third Circuit has also cited with approval cases holding that the unperformed obligation of delivering legal title to be a formality or ministerial act, rather than "the kind of significant legal obligation that would render the contract executory." Columbia Gas, 50 F.3d at 243 (quoting Mitchell v. Streets (In re Streets & Beard Farm P'ship), 882 F.2d 233, 235 (7th Cir.1989)).

When asked to identify any remaining material obligations on the part of 42nd Liquor under the Sale Contract Debtor argued that approval of the transfer from City Council was a condition to the closing of the Sale Contract, see Dkt. No. 39, and 42nd Liquor's obligation to authorize the release of those funds at closing were material obligations. HRG. at 9:30. Debtor did not allege any other remaining obligations of 42nd Liquor under the Sale Contract. However, neither of these obligations are material.

Regarding 42nd Liquor's obligation to release the funds in escrow upon closing, under New Jersey law, and the reasoning of Hertz, once the full purchase price is in escrow, the obligation to release those funds at closing is ministerial. See 536 B.R. at 441; RTC Mortg., 58 F. Supp. 2d at 525.

Debtor did not identify, and the Court's review of the Sale Contract did not reveal, any outstanding material obligations of 42nd Liquor. Section 6 of the Sale Contract discusses the parties' obligations at closing and lists only a single requirement for 42nd Liquor beyond transferring the purchase price - to purchase any remaining alcohol inventory from Debtor. Both parties agree there was no liquor inventory on the Petition Date, therefore, this does not qualify as an unperformed material obligation.

Debtor also argues that the Sale Contract is executory because transfer of the Liquor License was contingent upon approval of City Council. At the Hearing, Debtor argued that In re Safety-Kleen Corp., 410 B.R. 164 (Bankr. D. Del. 2009), supports its position that the Sales Contract is executory. The court in Safety-Kleen found that "contingent obligations are sufficient to render a contract executory when that contingent obligation is essential to the contract." 410 B.R. at 168. Safety-Kleen involved a contract for the sale of stock of a company that held title to a parcel of land which property was the subject of a consent order with the United States Environmental Protection Agency. Id. at 166. The contract gave both parties rights of indemnification against the other with respect to damages arising from pre- and post-closing environmental matters. The court found that although the purchase had already been completed, such a contingent obligation was a material obligation essential to the sale contract, and that failing to fulfill that obligation would be breach of the contract, thus rendering it executory. Id. at 168.

Debtor argues that the Sale Contract is contingent upon City Council approving the transfer of the Liquor License, which is essential to the Sale Contract, allowing 42nd Liquor to cancel the

14

Sale Contract if approval is denied. However, this case is distinguishable from Safety-Kleen, in that the condition to close is required of City Council, a non-party to the contract, and does not impose any further material obligations upon the parties, regardless of decision of City Council. If City Council fails approve the transfer, it would not be a breach of the Sale Contract, even though the Sale Contract would be voidable. While approval of City Council may be a condition to closing under the Sale Contract, it is not a material obligation of either party. Under the Countryman definition, the condition that the transfer of the Liquor License be approved by City Council does not make the Sale Contract executory because it is not an obligation owed by either party, and failure to meet that condition is not a material breach of the Sale Contract.

As discussed above, to be executory, both parties must have material obligations so far unperformed that failure to complete performance would constitute a breach. Here, Debtor did not identify any such obligation of 42nd Liquor. As such, Debtor did not meet its burden to establish that the Sale Contract is executory.

Debtor also did not identify any outstanding material obligations it had as of the Petition Date. Debtor's counsel referred to the Consent to Transfer, which both parties agree was in place as of the Petition Date.[3] Additionally, counsel stated that "Debtor can participate in closing," but that is not a material obligation.

As noted, the burden is on Debtor to establish that the Sale Contract is executory. Philadelphia Newspapers, 424 B.R. at 181. Under the Countryman definition, for the Sale Contract to be executory both parties must have material obligations remaining unperformed as of the Petition Date. Placing the entire purchase price into escrow satisfied the last of 42nd Liquor's material obligations under the Sale Contract. Further, as discussed above, conditions in the Sale

---

[3] Debtor's post-petition withdrawal of the Consent to Transfer is of no moment. As noted above, the critical time for determining whether a contract is executory is the Petition Date. See Columbia Gas, 50 F.3d at 240.

Contract based on the acts of third parties do not render the Sale Contract executory, at least under the facts of this case where, regardless of whether that condition is met, no additional duties are imposed upon the parties and failure of the condition being met does not result in a material breach. Finally, Debtor also failed to identify any material obligations remaining unperformed on its part. Therefore, even if the State Court Order is not binding, the Court finds that the Sale Contract was not executory.

### III. Lack of Alternative Remedy

Finally, the Court would not grant the Motion even if the Sale Contract were executory because the State Court Order for specific performance bars 42nd Liquor from a distribution for any breach of the Sale Contract under the Bankruptcy Code, and such a result would be inequitable.

Ordinarily rejection of an executory contract under section 365(a) of the Bankruptcy Code constitutes a breach of such contract under section 365(g), entitling a nonbreaching party to a claim in bankruptcy and a distribution from the estate. See 11 U.S.C. § 365(a), (g). However, in order to participate in a bankruptcy distribution, a party must have a "claim" as defined in section 101(5) of the Bankruptcy Code. Section 101(5) defines a "claim" as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) <u>right to an equitable remedy for breach of performance if such breach gives rise to a right to payment</u>, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5) (emphasis added). Thus, in order to have a claim, a party must have either a right to money damages, or a right to an equitable remedy, the breach of performance of which gives rise to a payment. The Third Circuit has stated that an equitable remedy will "'give rise to a right of payment,' and therefore be deemed a 'claim,' when the payment of monetary damages is an alternative to the equitable remedy." In re Ben Franklin Hotel Assocs., 186 F.3d 301, 305 (3d

16

Cir. 1999) (quoting Air Line Pilots Assoc. v. Continental Airlines, 125 F.3d 120, 133 (3d Cir.1997)). If monetary damages are not an equivalent alternative, then the party will not have a claim under the Bankruptcy Code.

However, "once the vendee has elected to sue for specific performance and the court has issued a decree, there has been a judicial determination that the vendee had, and has, no adequate remedy at law." Pribonic, 70 B.R. at 602 (citing Portnoy v. Brown, 243 A.2d 444, 446 (1968) ("decree of specific performance will not be granted unless plaintiff is clearly entitled thereto and no adequate remedy at law exists.")). Although Pribonic was discussing Pennsylvania law, the same rule applies under New Jersey law, where "contracts involving personalty will be specifically enforced only on proof of special facts showing that the legal remedy is inadequate in a particular case." Contracts relating to personal property, 52 N.J. Prac., Elements of Action § 53:7 (2020-2021 ed.); see also In re Env't Ins. Declaratory Judgment Actions, 149 N.J. 278 (1997). "Specific performance is only proper where damages are inadequate." Id.

In this case, the State Court has already awarded 42nd Liquor relief in the form of specific performance, an equitable remedy, which is appropriate under New Jersey law. See Kalogeras v. 239 Broad Ave., L.L.C., 202 N.J. 349, 367 (2010). Thus, as was the case in Pribonic, there is already a State Court Order determining that money damages (at least in relation to transfer of the Liquor License) are inadequate. Therefore, were Debtor to reject the Sale Contract as executory under section 365(a), that breach would not give rise to a "claim" for bankruptcy purposes, and 42nd Liquor would not be entitled to a distribution related to rejection. Pribonic, 70 B.R. at 602. The Court agrees with Pribonic that there is "nothing in the Bankruptcy Code that mandates such a harsh and inequitable result." Id. As such, even if the Sale Contract were executory, the Court would deny the Motion because rejection would be inequitable.

17

## Conclusion

The State Court Order for specific performance makes section 365 of the Bankruptcy Code inapplicable, as Debtor cannot reject a judicial order. The State Court Order rendered the remaining obligations of the parties ministerial, leaving no unperformed material obligations, thus there is no executory contract. Moreover, even if Debtor could disregard the State Court Order, the Court finds that, as of the Petition Date, neither party had any material obligations remaining that were so far unperformed as to render the Sale Contract executory. Finally, the Court would deny the Motion as inequitable regardless of the status of the Sale Contract, because the result would render 42nd Liquor unable to receive a distribution under the Bankruptcy Code.

Dated: March 16, 2021

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE